**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

PATRICK CARPENTER, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED                                                                                                PLAINTIFF

VS.                                                                                    CAUSE NO. 4:05CV01-M-B

ROCKY MOUNTAIN RADAR, INC., f/k/a
CONSUMER MICROWAVE COMPANY,                                              DEFENDANT

**ORDER**

This cause comes before the court on the motion of defendant Rocky Mountain Radar, Inc. ("RMR") to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff Patrick Carpenter has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is not well taken and should be denied.

Plaintiff filed this putative class action against defendant Rocky Mountain Radar, Inc. ("RMR"), seeking to recover for, *inter alia,* alleged fraud and negligence arising out of the sale of a radar jammer/scrambler which, plaintiff alleges, simply does not work. Plaintiff purchased the radar scrambler in August, 2004 for $295.95 and subsequently used it in his vehicle. Plaintiff testified in his deposition that he began to doubt that the product worked after he was stopped by a patrolman for speeding on Interstate 20 in Alabama. Plaintiff admitted, however, that the patrolman let him off with a warning and did not issue him a citation. On January 3, 2005 - less than six months after purchasing the radar scrambler - plaintiff filed the instant lawsuit in this

court. It is undisputed that diversity of citizenship exists among the parties, but defendant seeks a dismissal based upon an argument that the $75,000 amount in controversy is not met in this case.

The party seeking federal jurisdiction bears the burden of establishing that jurisdiction exists. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In diversity cases, federal courts only have jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. To determine if the amount in controversy requirement is met this court must look first to the plaintiff's complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) ("[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). In this case, plaintiff's complaint seeks an indeterminate amount of compensatory and punitive damages. Plaintiff does aver at one point in the complaint that "[t]he matter in controversy for each class member exceeds the sum or value of $75,000.00, exclusive of interests and costs," but the Fifth Circuit has held that such a conclusory statement does not serve to give rise to jurisdiction, where the complaint does not otherwise indicate that the amount in controversy is met. *See, e.g. U.S. v. Hames,* 122 Fed. App. 706, 708 (5th Cir. 2004) (jurisdiction found lacking where plaintiffs asserted a jurisdictional amount of $75,000, yet only prayed for $49,365 in relief along with a claim for future child support which the Fifth Circuit found to be "speculative.")

The jurisdictional issues in this case are made somewhat more complex by the fact that this case is a putative class action under Fed. R. Civ. P. 23. Subject to an important exception discussed *infra*, the general rule is that different plaintiffs may not aggregate their claims in order

to satisfy the $75,000 jurisdictional amount in a putative class action. *See Snyder v. Harris*, 394 U.S. 332, 336-38, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636 (5th Cir. 2003). In *Zahn v. International Paper Co.*, 414 U.S. 291, 294, 94 S.Ct. 505, 508, 38 L.Ed.2d 511 (1973), the U.S. Supreme Court went even further and held that each and every class member's claim must satisfy the jurisdictional minimum for a district court to have jurisdiction over the class. However, the Fifth Circuit has since interpreted the adoption of 28 U.S.C. § 1367 as overruling *Zahn* and permitting supplemental jurisdiction in Rule 23 cases where at least one class representative meets the amount in controversy requirement. *See In re Abbott Laboratories,* 51 F.3d 524 (5th Cir. 1995). This court must therefore consider whether the claim of at least one class member satisfies the jurisdictional minimum in this case.

It is apparent that the amount in controversy requirement is met in this case, given that Carpenter has clearly plead punitive damages resulting from defendant's allegedly having sold a product which it knew to be completely ineffective at its stated purpose of jamming radar. Moreover, while the general rule prohibits aggregation of the claims of separate plaintiffs to meet the amount in controversy, the Fifth Circuit has held that a different rule applies to claims of punitive damages, at least under Mississippi law. In *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1329-33 (5th Cir.1995), the Fifth Circuit held that, under Mississippi law, the full amount of alleged punitive damages must be counted against each plaintiff to determine the amount in controversy because punitive damages, under Mississippi law, are fundamentally collective. It is thus apparent that Carpenter, as the class representative, is entitled to have the full amount of punitive damages which might potentially be awarded to the class counted against his claim for

3

determining whether the amount in controversy is met. Clearly, this dictates a finding that the $75,000 amount in controversy is met in this case.

Defendant attempts to distinguish *Allen* from the instant case based upon the fact that, unlike *Allen*, this case involves a class action. This argument lacks merit, given that the Fifth Circuit in *Allen* clearly indicated that the rationale supporting aggregation applied fully to class actions. Specifically, the Fifth Circuit in *Allen* wrote as follows:

> Of course, a defendant's interest in seeing individual plaintiffs' cases fail is greatly affected by the procedural posture of such claims. In *class actions* or multi-plaintiff suits, the defendant's potential exposure to a large punitive damage award is not affected by the failure of individual claims as long as one plaintiff is successful. Accordingly, in that situation, the defendant has no interest in the distribution of the award, a fact that has long supported the conclusion that the plaintiff's claims of right are common and undivided.

*Allen*, 63 F.3d at 1334. (Emphasis added). The Fifth Circuit in *Allen* thus concluded that, in class actions, plaintiffs' claims for punitive damages are properly considered common and undivided, at least under Mississippi law. It is true that the Fifth Circuit has held a differing result to apply under the law of other states in this circuit, *see, e.g. Ard v. Transcon. Gas Pipe Line Corp.*, 138 F.3d 596, 602 (5th Cir. 1998), but *Allen* clearly supports aggregation of punitive damages under Mississippi law. Indeed, Judge Davidson, in a well-reasoned opinion, has already considered the argument raised by defendant and concluded that *Allen* applies fully in the class action context. *See Amos v. CitiFinancial Corp.*, 243 F. Supp. 2d 587 (N.D. Miss. 2003).

Defendant next argues that the allegations of the putative class members in this case are sufficiently dissimilar to each other so as not to constitute "common and undivided" claims under *Allen*. However, the Fifth Circuit in *Allen* gave no indication that such a case-by-case analysis of the similarity of individual claims was warranted, and *Allen* clearly supports aggregation of

4

punitive damages claims herein. Even if the court were to engage in such an individualized analysis in this case, it seems clear that the potential claims of the various putative class members herein are very similar to each other, given that each putative plaintiff would presumably allege that he or she was sold a worthless radar jamming device. In light of the foregoing, it is apparent that the punitive damages demand in the complaint is sufficient to meet the amount in controversy requirement in this case, and it is unnecessary for the court to consider whether the other relief sought in the complaint would suffice to meet the jurisdictional minimum.

It is therefore ordered that defendant's motion to dismiss [31-1] is denied.

SO ORDERED this the 21st day of February, 2007.

                                    **/s/ Michael P. Mills**
                                    **UNITED STATES DISTRICT JUDGE**